UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN HILL,

          Petitioner,

v.

TROY BEVIER,

          Respondent.
_____/

Case No. 2:21-cv-12499

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS ORDER

The Court dismissed the petition for a writ of habeas corpus and denied Petitioner both a certificate of appealability and leave to proceed in forma pauperis on appeal. ECF 3. Petitioner then filed a notice of appeal, ECF 6, and applied to proceed without prepaying fees or costs on appeal, ECF 7. Because the Court already denied Petitioner leave to appeal in forma pauperis, ECF 3, PgID 27–28, the Court denied Petitioner's application for the same reasons. ECF 9. Petitioner then filed a second application to proceed in forma pauperis on appeal. ECF 10. For the reasons discussed in the Court's initial order, ECF 3, PgID 27–28, the Court will deny the new application.

Petitioner later moved for a certificate of appealability, ECF 11, and to compel the complete record, ECF 12. When a district court denies a certificate of appealability, the proper procedure "is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the" petition for a writ of habeas corpus. *See Sims v. United States*, 244 F.3d

1

509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Petitioner should therefore direct the request to the United States Court of Appeals for the Sixth Circuit. But in the interests of justice and judicial efficiency, the Court will order that Petitioner's motion for a certificate of appealability be transferred to the Sixth Circuit. All further motions for a certificate of appealability or for leave to proceed in forma pauperis on appeal must be filed on the Sixth Circuit's docket.

For the motion to compel the complete record, Petitioner requests that all pleadings and exhibits be transferred to the Sixth Circuit docket. ECF 12, PgID 81. But under Federal Rule of Appellate Procedure 10(a), the materials will already be in the record on appeal because they were entered on the district court docket. The Court will therefore deny the motion as moot.

Finally, Petitioner filed two nearly identical petitions for a writ of habeas corpus under different names. *Compare Benjamin Hill v. Troy Bevier*, No. 2:21-cv-12499, *with Benjamen Hill v. Jack Welsh*, No. 4:21-cv-12370 (E.D. Mich.) (Leitman, J.). In the latter case, a different Court granted Petitioner leave to proceed in forma pauperis on appeal. *Benjamen Hill v. Jack Welsh*, No. 4:21-cv-12370, ECF 9 (Dec. 8, 2021). Because of the different names, the fact that two petitions were filed was not discovered until after both petitions were denied. The Court notes the issue to provide for efficient handling of the appeal.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's application to proceed in forma pauperis on appeal [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for a certificate of appealability [11] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's motion to compel the complete record [12] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all future filings **MUST BE** made on the appellate docket and **MUST LIST** both case numbers.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3